

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| BRIDGETT D. BENNETT,<br>Plaintiff,<br><br>vs.<br><br>NEW FOUNDATIONS CHILDREN AND<br>FAMILY SERVICES, INC.,<br>Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. 8:08-557-HFF-BHH<br>§<br>§<br>§<br>§ |

## ORDER

This case was filed as a 42 U.S.C. § 1981 action.* Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's motion for summary judgment be granted as to all claims. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

---

*As the Magistrate Judge pointed out, the parties have litigated this case as one under Title VII. Regardless, "[u]nder Title VII and either § 1981 or § 1983, the elements of the required prima facie case are the same." *Gairola v. Virginia Dep't of General Services*, 753 F.2d 1281, 1285 (4th Cir. 1985).

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 12, 2010, Plaintiff filed objections to the Report on January 29, 2010, and Defendant filed a reply on February 3, 2010.

Though the facts are set forth in detail in the Report, by way of background, the Court briefly summarizes them here. Plaintiff alleges that she was terminated from her employment on account of her race. In response, Defendant, her former employer, insists that Plaintiff was terminated because she violated company policy, which prohibits inciting and failing to de-escalate a crisis situation with a client.

In the Report, the Magistrate Judge concluded that Plaintiff has failed to establish the fourth element of a prima facie case of discriminatory discharge, namely that other employees who were not members of the protected class were retained under similar circumstances. Alternatively, even assuming that Plaintiff had established a prima facie case, the Magistrate Judge concluded that summary judgment was still appropriate because Plaintiff failed to demonstrate that Defendant's basis for termination was a pretext for racial discrimination. Plaintiff objects to both of these conclusions.

*A.     Fourth Element of Plaintiff's Prima Facie Case*

Plaintiff insists that her accuser, Ms. Martin, is a similarly situated employee who was treated differently than she was. Plaintiff argues that "although [she] did not complain about the white employee first, she explicitly reported to Defendant that the white employee was not telling the truth [about the incident that led to Plaintiff's termination], thereby implicitly and necessarily accusing the white employee of misconduct (making a false report to the employer)." (Pl.'s

2

Objections 1.) In other words, according to Plaintiff, Ms. Martin became a similarly situated employee when Plaintiff accused her of lying about the incident that led to Plaintiff's firing.

Plaintiff fails to cite any authority to support her argument that one's accuser can be used as a comparison for purposes of the "similarly situated" analysis. However, even if one accepts Plaintiff's logic, Ms. Martin is not similarly situated to Plaintiff. "To be 'similarly situated,' the individuals with whom [Plaintiff] attempts to compare [herself] must be similarly situated in all material aspects." *Mitchell v. Secretary Veterans Affairs*, 467 F. Supp. 2d 544, 552 (D.S.C. 2006) (citing *Shumway v. United Parcel Service, Inc.*, 118 F.3d 60, 64 (2d Cir. 1997)). One such material aspect is the wrongdoing of which the employee was accused. Plaintiff was accused by Ms. Martin of inciting her nephew to act against a client, which violates Defendant's policies. Ms. Martin, on the other hand, was accused by Plaintiff of making a false report to an employer. Inciting someone against a client and filing a false report are different offenses, which are not of comparable severity. Thus, based on these differences, Plaintiff is not similarly situated to Ms. Martin. *See also Ricks v. Riverwood Int'l Corp.*, 38 F.3d 1016, 1019 (8th Cir. 1994) (concluding that African American employee fired for a felony drug conviction is not similarly situated to a Caucasian employee retained after a felony armed false imprisonment conviction).

Therefore, because Ms. Martin is not a similarly situated employee, Plaintiff cannot rely on her to establish the fourth element of her prima facie case of discrimination. As Plaintiff fails to point to any other similarly situated employees who were treated differently than she was, she has failed to set forth a prima facie case of discriminatory discharge.

B.      *Whether Defendant's Asserted Basis for Termination was Pretextual*

In the Report, the Magistrate Judge went further and also concluded that Plaintiff had failed to demonstrate that Defendant's asserted reason for firing Plaintiff was pretextual.  However, because the Court agrees with the Magistrate Judge that Plaintiff has failed to set forth a prima facie case of discriminatory discharge, the Court need not go further and address Plaintiff's pretext argument and her objections related to that argument. *See Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 11 (4th Cir. 1994) (advising against alternative holdings because such holdings run risk of creating law in strictly advisory fashion).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's motion for summary judgment is **GRANTED** as to all claims.

**IT IS SO ORDERED**.

Signed this 10th day of February, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.